**IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT** |
| Plaintiff, | ) | **HUMPHREYS'S MOTION** |
| | ) | **TO SEVER** |
| vs. | ) | |
| | ) | Case No. 1:12-cr-017-6 |
| Danny Eugene Humphreys, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is defendant Danny Eugene Humphreys's motion to sever filed on May 11, 2012. See Docket No. 125. The Government filed a response in opposition to the motion on May 21, 2012. See Docket No. 132. The Court denies the motion for the reasons set forth below.

**I.    BACKGROUND**

On March 21, 2012, defendant Danny Humphreys was charged with conspiracy to possess with the intent to distribute a controlled substance in a superseding indictment. See Docket No. 34. The superseding indictment alleges that Humphreys, along with eight co-defendants, conspired to possess and distribute methamphetamine in North Dakota. See Docket No. 34.

On May 11, 2012, Humphreys filed a motion to sever. See Docket No. 125. Humphreys contends severance is warranted because the jury would have a difficult time compartmentalizing the evidence and Humphreys believes his defense will be antagonistic with the co-defendants.

## II. LEGAL DISCUSSION

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Civ. P. 8(b). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998) (citing United States v. Jones, 880 F.2d 55, 61 (8th Cir. 1989)). Rule 8(b) is to be construed liberally. United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002) (citing Jones, 880 F.2d at 62).

Rule 14(a) of the Federal Rules of Criminal Procedure provides, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." A motion to sever will only be granted "upon a showing of real prejudice to an individual defendant." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (quoting United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010)). The prejudice must be "real" and "clear" and "[t]he defendant carries a heavy burden in making this showing." Id. (citing Sandstrom, 594 F.3d at 644). "A defendant 'can demonstrate real prejudice to his right for a fair trial by showing (a) that his defense is irreconcilable with the defense of his co-defendant or co-defendants, or (b) that the jury will be unable to compartmentalize the evidence as it relates to separate defendants.'" United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003)

2

(quoting United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995)). Severing the defendants' trials is within the district court's discretion. Id. (citing Sandstrom, 594 F.3d at 644).

Humphreys contends that severance is appropriate because a jury would have difficulty compartmentalizing the evidence as to each of the co-defendants. Severance can be justified if the defendant shows "that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." Payton, 636 F.3d at 1037 (quoting Sandstrom, 594 F.3d at 644). In this case, nine defendants are charged with conspiracy to possess with the intent to distribute methamphetamine. There is a preference for a single trial of defendants who are jointly indicted, particularly where conspiracy is charged. "Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts." United States v. Foote, 920 F.2d 1395, 1398 (8th Cir. 1990) (citation omitted). The risk of prejudice posed by a single trial is best cured by specific jury instructions. United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004). The Defendant has not met his burden of showing that a jury will be unable to compartmentalize the evidence.

Humphreys also contends the motion for severance should be granted because his defense strategy will be irreconcilable with his co-defendants' trial strategy. Humphreys states that the "antagonistic defenses [will] result in a contest between the defendants to accuse each other by minimizing their role in the alleged conspiracy in finger pointing between the accused." See Docket No. 125-1, p. 2. "[T]he mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." United States v. Shivers, 66 F.3d 938, 940 (8th Cir. 1995). In Shivers, two co-defendants were charged with conspiracy to possess with intent to distribute cocaine. At the time of arrest, defendant Shivers had a shoebox of cocaine near his feet and defendant Valentine

3

possessed a duffle bag with $12,000 in cash. The co-defendants both claimed ignorance and asserted the other was responsible for the cocaine. The trial court denied Shivers's motion to sever his trial. On appeal, the Eighth Circuit explained that "[p]ut simply, mere hostility between defendants or one defendant's attempt 'to save himself at the expense of another' codefendant is not a sufficient ground to require severance." Id. Humphreys contends that a trial involving all nine defendants will lead to finger-pointing among the co-defendants. As the Eighth Circuit held in Shivers, co-defendants' attempts to shift blame to one another is insufficient to require severance.

In order to warrant a separate trial, Humphreys has the heavy burden to demonstrate that a trial involving all of the charged defendants would truly be prejudicial. The Court finds that the Defendant has failed to sustain his burden of proof and has failed to establish a showing of real prejudice so as to warrant separate trials.

### III. CONCLUSION

The Court has reviewed the parties' briefs, the entire record, and relevant case law. In the exercise of its broad discretion, the motion to sever (Docket No. 125) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th day of May, 2012.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court